2018 UT App 30

# THE UTAH COURT OF APPEALS

STATE OF UTAH,
Appellee,
*v.*
YESHA ANTHONY GARCIA,
Appellant.

Opinion
No. 20140203-CA
Filed February 23, 2018

Third District Court, Salt Lake Department
The Honorable Robin W. Reese
No. 101904923

John B. Plimpton and Teresa L. Welch, Attorneys
for Appellant

Sean D. Reyes and Karen A. Klucznik, Attorneys
for Appellee

JUDGE MICHELE M. CHRISTIANSEN authored this Opinion, in
which JUDGES GREGORY K. ORME and KATE A. TOOMEY concurred.

CHRISTIANSEN, Judge:

¶1     This case is before us on remand from the Utah Supreme
Court.[1] *See generally State v. Garcia (Garcia II)*, 2017 UT 53, *rev'g in
part and aff'g in part*, *State v. Garcia (Garcia I)*, 2016 UT App 59, 370

---

1. The supreme court's opinion did not contain an explicit
remand instruction. After that opinion was issued, counsel for
Garcia indicated to the clerk of the supreme court that further
issues existed requiring remittitur to this court. The clerk
remitted the case to us, with the direction to "address any
potential independent grounds for decision that were properly
raised on appeal but that have not yet been addressed."

P.3d 970. As relevant here, Yesha Anthony Garcia appealed his conviction for attempted murder, arguing that his constitutional right to the effective assistance of counsel had been violated when his counsel failed to object to an error-ridden jury instruction regarding imperfect self-defense, *see Garcia I*, 2016 UT App 59, ¶¶ 10–16 & n.5, and failed to request a jury instruction explaining that arson and aggravated arson are forcible felonies that Garcia was entitled to use deadly force to defend against, *see id.* ¶ 26 n.7.

¶2    We concluded that approving the errors in the imperfect self-defense instruction, including the misplaced burden of proof, amounted to ineffective assistance of counsel; we therefore vacated Garcia's conviction for attempted murder. *Id.* ¶ 26. Because we vacated Garcia's conviction on this basis, we did not address his arson-instruction contention. *See id.* ¶ 26 n.7. We also expressed skepticism as to whether Garcia was entitled to an imperfect self-defense instruction under the facts of the case, *id.* ¶ 16 n.4, but noted that Garcia's counsel, the State, and the trial court had all agreed that he was so entitled, *id.* ¶ 25.

¶3    The Utah Supreme Court reversed, concluding that Garcia had not been prejudiced by the erroneous instruction regarding imperfect self-defense. *Garcia II*, 2017 UT 53, ¶ 48. The supreme court highlighted Garcia's statements to police and his trial testimony and concluded that "[t]he evidence that Garcia pulled the trigger out of a desire to kill [the victim] overpowers any evidence that he acted on a reasonable but erroneous belief that he was defending himself." *Id.* ¶ 47. The supreme court therefore held that no prejudice arose from counsel's failure to request a correct imperfect self-defense instruction. *Id.*

¶4    We now address the question we did not reach in *Garcia I*—whether Garcia received ineffective assistance of counsel when his counsel did not seek to have the jury instructed that arson and aggravated arson were forcible felonies for purposes of an imperfect self-defense claim. "To succeed on a claim of ineffective assistance of counsel, a defendant must show

that trial counsel's performance was deficient and that the defendant was prejudiced thereby." *State v. Hards*, 2015 UT App 42, ¶ 18, 345 P.3d 769.

¶5 Garcia's contention revolves around the imperfect self-defense instruction given to the jury. Imperfect self-defense would have applied here if the jury had determined that Garcia had acted "under a reasonable belief that the circumstances provided a legal justification or excuse for the conduct although the conduct was not legally justifiable or excusable under the existing circumstances." *See* Utah Code Ann. § 76-5-203(4)(a) (LexisNexis 2012). Garcia argues that his counsel was not effective because counsel did not ensure that the jury understood that defending against the threat of arson or aggravated arson would have justified shooting at the victims.

¶6 However, this argument is foreclosed by the supreme court's conclusion that Garcia did not suffer prejudice from other defects in the imperfect self-defense instruction given at trial. The supreme court determined that the evidence that Garcia "was motivated by a desire to kill [the victim] overwhelmed the evidence that Garcia acted in imperfect self-defense." *Garcia II*, 2017 UT 54, ¶ 45. Therefore, no prejudice resulted when the imperfect self-defense instruction misstated the law in several ways. *Id.* ¶ 48. A jury instruction defining and explaining that arson and aggravated arson were forcible felonies would merely have clarified an arguably vague term of the imperfect self-defense instruction, i.e., what crimes, as perceived by Garcia, could have given him a legal justification for shooting at the victim. Because Garcia was not prejudiced by the erroneous imperfect self-defense instruction actually given to the jury, *see id.*, no prejudice could have resulted from an alleged ambiguity in that instruction that a more definite arson instruction would have cured.

¶7 We also reject Garcia's cumulative-error claim. Given the supreme court's conclusion that Garcia did not suffer prejudice from the erroneous imperfect self-defense instruction, we do not

see any greater risk of prejudice from an ambiguity in that instruction. *See ConocoPhillips Co. v. Utah Dep't of Transp.*, 2017 UT App 68, ¶ 30, 397 P.3d 772 ("Our confidence [in the fairness of a verdict] is more likely to be shaken when the errors work together in a pernicious manner so as to cause more prejudice than the mere sum of the individual errors.").

¶8     Affirmed.

————————